IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **SHARON D. MABON MILLS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )     No. 2:20-cv-02830-SHL-atc |
| | ) |
| **MEMPHIS LIGHT GAS & WATER, a** | ) |
| **division of the City of Memphis,** | ) |
| | ) |
|     **Defendant.** | ) |

**REPORT AND RECOMMENDATION TO DISMISS CASE FOR INSUFFICENT SERVICE**

On November 13, 2020, Plaintiff Sharon D. Mabon Mills filed a *pro se* complaint against Defendant Memphis Light Gas & Water, alleging violations of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) On April 8, 2021, the Court entered an Order to Show Cause, explaining that, upon its review of the docket, there was no indication that Defendant had been served, and more than 145 days had passed since the complaint's filing. (ECF No. 7.) The Court ordered Plaintiff to show cause, by April 26, 2021, why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to prosecute. To date, Plaintiff has not responded to the Order to Show Cause.

    Rule 4(m) of the Federal Rules of Civil Procedure provides,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *Collins v. Waste Mgmt.*, No. 17-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Based on Mills's failure to effect proper service on Defendant, as well as her failure to respond to the Order to Show Cause, it is recommended that this case be dismissed, without prejudice, pursuant to Rule 4(m).

Respectfully submitted this 20th day of May, 2021.

> s/Annie T. Christoff
> ANNIE T. CHRISTOFF
> UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.